# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| COREY LAMAR FALCONER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 5:19-cv-00664-LSC-JHE |
| DEWAYNE ESTES, Warden, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus action filed by petitioner Corey Lamar Falconer ("Falconer"), *pro se*, on or about April 26, 2019. (Doc. 1; doc. 17 at 2 n.3). The petitioner challenges his 2016 conviction in Madison County Circuit Court for second degree assault. (*Id*. at 2). On December 9, 2019, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), that the petitioner's habeas claims be dismissed as time-barred. (Doc. 17). Falconer filed timely objections. (Doc. 20).

In his objections, Falconer claims the magistrate judge erred by rendering moot his demand for an Article III judge to hear all proceedings. (Doc. 20 at 2). However, as explained to Falconer, the procedure utilized by this court is authorized by 28 U.S.C. § 636(b). (*See* doc. 5 at 1 n.1). Falconer's argument that federal magistrate judges are somehow under the domination and control of Alabama state

officials or the Alabama Supreme Court (doc. 20 at 2-6) lacks merit and any basis in law or fact. The United States Supreme Court has authorized the very process utilized by this court, and courts nationally. *Thomas v. Arn*, 474 U.S. 140, 153 (1985) ("Although a magistrate is not an Article III judge … a district court may refer dispositive motions to a magistrate for a recommendation so long as 'the entire process takes place under the district court's total control and jurisdiction, and the judge exercise[s] the ultimate authority to issue an appropriate order.") (internal citations and quotation marks omitted).

As explained to Falconer in the "Notice of Right to Object" (doc. 17 at 9), a district court may "accept, reject, or modify" a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. The district court finds nothing improper about the magistrate judge's issuance of a report and recommendation, nor does the court need Falconer's consent to utilize this procedure.

Falconer next challenges the finding that this petition is time-barred. (Doc. 20 at 6). He correctly asserts that his June 29, 2018, state court petition for collateral review paused the one year limitations period found in 28 U.S.C. § 2244(d) with 27

days remaining.[1] (*Id*., at 7). However, Falconer challenges the finding that his one year time-limit again began to run when the state court judge denied his application to proceed *in forma pauperis* on July 17, 2018. (*Id.*). In essence, Falconer simply claims the state court judge's ruling was wrong, and thus his one-year limitations period, tolled on June 29, 2018, should have remained tolled until he filed the petition in this court on April 26, 2019. (*Id*., at 7-8). No basis in law for such a holding exists. Falconer's one year limitation period expired on August 10, 2018. At that point, he did not have a properly filed state court petition pending. Falconer's untimely September 7, 2018 Rule 32 petition could not revive the expired deadline. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court.").

However, providing Falconer the benefit of the doubt, the magistrate judge further considered the effect of equitable tolling---if the petition for writ of mandamus filed with the Alabama Supreme Court on October 17, 2018, could be

---

[1] Falconer asserts under *Hyde v. State*, 950 So.2d 344 (Ala.Crim.App. 2006), his Rule 32 petition, accompanied by a motion to proceed *in forma pauperis*, was "properly filed." (Doc. 20 at 9). This is a correct statement of law. *See id.,* at 353. However, Falconer fails to recognize that when the state court judge denied the request to proceed *in forma pauperis*, he no longer had a properly file petition pending. *See e.g., Bledsoe v. Jones*, 2019 WL 6712130, *3 (N.D.Ala. Nov. 12, 2019) (recognizing authority for the holding that a Rule 32 petition accompanied by an *in forma pauperis* request is considered "properly filed" while the request is pending, even if it is ultimately denied).

3

considered a tolling motion.[2] (Doc. 17 at 7-8 and n. 8). The problem for Falconer is that even if a state court petition for a writ of mandamus could stop the running of the one year time limitation under 28 U.S.C. § 2244(d), that tolling could only last until the Alabama Supreme Court dismissed the mandamus petition on February 27, 2019. Under this hypothetical scenario, the 27 remaining days again begin to run, and expired on March 26, 2019, again failing to salvage the instant petition.

The petitioner novely claims that the state court judge's denial of his motion to proceed *in forma pauperis* on July 17, 2018, was unconstitutional, and thus an "impediment to filing" which statutorily tolled the time remaining on his one year limitation through the date of filing his petition here. (Doc. 20 at 9-10 (citing 28 U.S.C. § 2244(d)(1)(B))). Pursuant to 28 U.S.C. § 2244(d)(1)(B), the statute begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." However, a state court's dismissal of a Rule 32 petition based on the denial of a motion to proceed *in forma pauperis* neither violates federal law nor impedes a petitioner's ability to file a

---

[2] No authority for such a proposition exists in this circuit. *See, e.g., Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. Oct. 16, 2009) (holding petitions for writ of mandamus in the Alabama Court of Criminal Appeals and the Alabama Supreme Court that challenged the denial of an application to *proceed in forma pauperis* and were ultimately denied "had no tolling effect"); *Moore v. Dretke*, 2006 WL 297758, *2 (N.D. Tex. Jan. 12, 2006) ("A petition for writ of mandamus does not toll the limitations period.") (citing *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002)).

federal habeas petition under 28 U.S.C. § 2254. *See e.g., Kraft v. Stewart*, 2018 WL 8918477, *2 (11th Cir. No. 28, 2018).

Even assuming the state court judge's denial of Falconer's motion to proceed *in forma pauperis* could fall within the realm of "unconstitutional," nothing in that ruling prevented the filing of a federal habeas petition.[3] Thus, Falconer's reliance on *Brown v. Sec'y, Dept. of Corrs.*, 750 F.App'x 915 (11th Cir. 2018) (holding § 2244(d)(1)(D) satisfied where state's belatedly disclosed the fact an eyewitness lied under oath), is misplaced. Nor does *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002) (holding § 2244(d)(1)(D) satisfied where petitioner missed filing deadline because court failed to notify him of issuance of decision, after assurance it would do so), assist Falconer.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the petitioner's objections and the magistrate judge's Report and Recommendation, the court is of the opinion that the objections are due to be **OVERRULED**. The magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability

---

[3] Falconer's claims as of July 17, 2018, were no more and no less exhausted than they were when he filed the instant petition on April 26, 2019.

5

is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.

A separate Final Order will be entered.

**DONE** and **ORDERED** on January 28, 2020.

_____
L. Scott Coogler
United States District Judge

160704